**FILED**
**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Augusta, Georgia**
**By jpayton at 5:06 pm, Mar 26, 2013**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE:<br><br>ANNIE THOMPSON,<br><br>      Debtor<br>_____<br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, AS TRUSTEE FOR SOUNDVIEW<br>HOME LOAN TRUST, ASSET-BACKED<br>CERTIFICATES, SERIES 2006-2<br><br>      Plaintiff<br><br>v.<br><br>ANNIE THOMPSON and HUON LE,<br>CHAPTER 13 TRUSTEE<br><br>      Defendant<br>_____ | Chapter 13 Case<br>Number <u>10-10982</u><br><br><br><br><br><br>Adversary Proceeding<br>Number <u>12-01027</u> |

## **OPINION AND ORDER**

Before the Court is a motion for extension of time to respond to discovery filed by Annie Thompson ("Debtor"). Debtor's motion was filed January 7, 2013, nineteen days after the deadline for responding to the discovery request. The motion also was filed three days after the last day to file civil motions in this case. Dckt. Nos. 12 and 23. Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust, Asset-backed Certificates, Series 2006-2 ("Deutsche Bank") served the discovery request on

November 16, 2012 and Debtor had until December 19, 2012 to respond to the requests.[1]   Debtor did not respond by the deadline and Deutsche Bank filed its Summary Judgment Motion on January 4, 2013, the last day to file civil motions in the case.   Deutsche Bank's summary judgment motion bases some of its facts on admissions deemed admitted due to Debtor's failure to respond.   Debtor filed her motion to extend along with one response on January 7, 2013, three days after Deutsche Bank filed its summary judgment motion, and another response was filed the 8th of January.

Deutsche Bank argues since the motion to extend was filed after the expiration date of December 19, 2012, Debtor must show "excusable neglect" pursuant to Bankruptcy Rule 9006.

As an excuse, Debtor's motion states that counsel was unable to reach Debtor before the deadline.   Debtor further contends there would be no harm or prejudice to Deutsche Bank to allow her discovery responses.   Deutsche Bank argues it would be prejudiced because it have filed a motion for summary judgment based upon

---

[1] On December 17, 2012 before the close of discovery, Deutsche Bank sought and was granted an extension of time until January 4, 2013 to file civil motions. See Dckt. Nos. 22 and 23.  The basis of the motion was that Deutsche Bank propounded its discovery request to Debtor on the date of the Close of Discovery set forth in the Scheduling Order and it stated that it was giving Debtor until December 19, 2012 to respond to the request and therefore the deadline for motions needed to be extended.  The deadlines in the Scheduling Order were therefore modified.

2

Debtor's deemed admissions resulting from her failure to respond.

For the following reasons, Debtor's motion to extend is denied.

Federal Rule Bankruptcy Procedure 9006 states in pertinent part:

> (b) Enlargement
> (1) In general
> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made <u>before</u> the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of <u>excusable neglect</u>.

Fed. R. Bankr. P. 9006 (emphasis added).

Pursuant to Bankruptcy Rule 9006, because Debtor's motion was filed after the expiration of the deadline to respond, Debtor must show excusable neglect in failing to meet the deadline.  The Supreme Court determined that the concept of excusable neglect is "some what elastic" and could include "inadvertent delays." <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 394-95 (1993).  According to the Supreme Court, the determination of whether excusable neglect is present is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's

3

AO 72A
(Rev. 8/82)

omission." Id. The Supreme Court determined that four factors are relevant when evaluating whether a claim may be accepted after the bar date as a result of excusable neglect. Id. The four factors are: the danger of prejudice; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith. Id. at 855. In this case, granting the extension would prejudice Deutsche Bank as it filed a motion for summary judgment, based in part, upon Debtor's deemed admissions and the deadline to file civil motions has now expired. Therefore, the first factor weighs against Debtor.

The length of the delay is 19 days, which is not very long; however, significant events happened within these 19 days, namely, Deutsche Bank filed a Summary Judgment motion based in part on Debtor's deemed admissions. Deutsche Bank cites US v. Sonibare, 504 F. Supp. 2d 566 (D. Minn. 2007) which held that permitting the answers well after the discovery deadline had passed and where the defendant provided no explanation for his failure to respond would prejudice the plaintiff and unduly delay trial. In this case, the summary judgment motion is ready for adjudication; therefore allowing Debtor's response would adversely impact this proceeding and result in undue delay.

4

Third, the cited reason for the delay was that Debtor's counsel was unable to reach Debtor in time.  The Eleventh Circuit has held where a party fails to receive information about his case from his attorney, the party has a duty to demonstrate their own diligence.  <u>SEC v. Simmons</u>, 241 F. App'x 660 (11th Cir. 2007)(determining excusable neglect in default judgment context); <u>In re Laketown Wharf Mktg., Corp.</u>, 433 B.R. 419, 430 (Bankr. N.D. Fla. 2010)(court held while attorneys could not contact the clients prior to expiration this was not excusable neglect where attorney could have filed a motion for extension of time prior to deadline expiration which is a lesser standard).  Debtor's attorney could have filed a motion for extension of time based upon her inability to contact Debtor before the deadline expired and not have to establish excusable neglect.  Therefore this factor weighs against granting Debtor's motion.  Lastly, there is no evidence of bad faith in failing to answer by deadline.

After considering all the factors, the Court finds Debtor has failed to show "excusable neglect" in failing to timely respond by the discovery deadline, and her motion to extend is therefore ORDERED DENIED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this __26th__ day of March, 2013.

5