FILED

Case:12-01027-SDB   Doc#:44   Filed:07/10/13   Entered:07/10/ Lucinda B. Rauback, Clerk   14
United States Bankruptcy Court
Augusta, Georgia
*By jpayton at 3:01 pm, Jul 10, 2013*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number <u>10-10982</u> |
| ANNIE THOMPSON | ) | |
| | ) | |
| Debtor | ) | |
| —————————————————————— | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY, AS TRUSTEE FOR SOUNDVIEW | ) | |
| HOME LOAN TRUST, ASSET-BACKED | ) | |
| CERTIFICATES, SERIES 2006-2 | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | Number <u>12-01027</u> |
| ANNIE THOMPSON, DEBTOR AND | ) | |
| HUON LE, CHAPTER 13 TRUSTEE | ) | |
| | ) | |
| Defendants | ) | |
| —————————————————————— | ) | |

<u>**OPINION AND ORDER**</u>

Before the Court are cross motions for summary judgment
filed by Annie Thompson ("Debtor") and Deutsche Bank National Trust
Company, as Trustee for Soundview Home Loan Trust, Asset-Backed
Certificates, Series 2006-2 ("Deutsche"). This is a core proceeding
pursuant to 28 U.S.C. §157(b)(2)(K) and the Court has jurisdiction
pursuant to 28 U.S.C. §1334. For the following reasons, Debtor's
motion for summary judgment is denied and Deutsche's motion for

summary judgment is granted in part and denied in part.

### UNDISPUTED FACTS

On March 19, 2004, Debtor purchased three tracts of land and resides on the property commonly known as 4131 Quaker Road, Keysville, Georgia ("the Property"). Dckt. No. 1, Ex. A. Debtor constructed a home on Tract 2 of the Property. On October 26, 2005, Debtor executed a promissory note in favor of Centex Home Equity Company, LLC ("Centex") in the amount of $213,298.50 and Debtor executed a security deed conveying Tracts 1, 2 and 3 to Centex. Dckt. No. 1, Exs. I and J. On February 4, 2009, Centex assigned the security deed to Deutsche. Dckt. No. 1, Ex. K.

Prior to filing for bankruptcy, Debtor sought a loan modification with Deutsche. In a letter, Debtor states she is returning the loan modification unsigned due to an incorrect legal description of the property. Dckt. No. 14, Ex. A. Debtor further explains that the property description "should only have included Tract 2, Tract 1 and Tract 3 are not attached to the home loan. . . . I purchased my property first, then I built the house and purposely used only one acre with the house loan so that I would always have my other property free and clear if I decided to do something different with the other two lots." Dckt. No. 14, Ex. A.

On March 12, 2010, in an ineffective effort to correct the

2

mistake, Deutsche conveyed Tracts 2 and 3 to Debtor by quit claim deed. Dckt. No. 1, Ex. L. The quit claim deed states in pertinent part: "This deed is for the purpose of releasing the above property from that certain Security Deed dated October 26, 2005." Dckt. No. 1, Ex. L. Since the house is located on Tract 2, Deutsche should have released Tracts 1 and 3, not Tracts 2 and 3. Deutsche states the reason for the error was that the Burke County Tax Records reflected that Tract 1 was the improved lot, not Tract 2. The Burke County Tax Records have since been corrected.

On April 27, 2010, about six weeks after Deutsche tried to correct the error, Debtor filed her chapter 13 bankruptcy petition. On June 9, 2010, Deutsche filed a secured proof of claim in the amount of $244,427.77. According to the §341 meeting of creditors hearing notes, the Trustee noted that due to the mortgage there was no equity in Tract 2. Chap. 13 Case No. 10-10982, Dckt. No. 35. The Trustee also noted that the mortgage originally included all three lots but by mistake Deutsche quit claimed the wrong tracts to Debtor. Id.

Deutsche filed a Motion for Relief from Stay seeking relief as to 4131 Quaker Road, Keysville, GA, Lots 1, 2, and 3. Chap. 13 Case No. 10-10982, Dckt No. 74. Debtor entered into a consent order granting Deutsche relief from stay as to 4131 Quaker

3

AO 72A
(Rev. 8/82)

Road, Keysville, GA, Lot #1, the only property actually encumbered by the security deed. Chap. 13 Case No. 10-10982, Dckt. No. 83. Under the terms of the consent order, the Chapter 13 Trustee was directed to stop payments on Deutsche claim and Deutsche was permitted to file a deficiency claim after foreclosure, if appropriate. Id. Also, under the terms of the confirmed plan, Debtor surrendered Lot #1 to Deutsche in satisfaction of its secured claim and agreed to pay a 100% dividend to her unsecured creditors. Chap. 13 Case No. 10-10982, Dckt. Nos. 68 and 82.

After the consent order was entered, Deutsche foreclosed on Tract 1 and recorded a deed under power. Deutsche has now realized its security deed did not encumber Tract 2. As a result, Deutsche has moved to: reform the security deed to encumber Tract 2; set aside the quit claim deed; and set aside the deed under power. Deutsche argues it is entitled to reformation of the security deed and to cancellation of the quit claim deed and deed under power due to the mutual mistake in the legal description as both Debtor and Deutsche intended the description to consist only of Tract 2. Deutsche further argues it is entitled to be equitably subordinated to the prior security deeds that it paid off. Deutsche also requests relief from stay to pursue state law remedies, including non-judicial foreclosure of Tract 2. The Chapter 13

4

Trustee has no opposition to the reformation of the deed.  Dckt. No. 21, p. 4.  Debtor opposes the motion for summary judgment.

Debtor's motion for summary judgment is unclear and procedurally defective in that there is no statement of undisputed material facts with citations to the record as required by Local Rule 56.1.  Debtor appears to argue that Deutsche's claim is barred due to the res judicata effect of the confirmation order and the consent order on the motion for relief.  Debtor further argues reformation would be inappropriate because she would be prejudiced by the reformation.

## CONCLUSIONS OF LAW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c);[1] see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

> [A] party seeking summary judgment always bears the initial responsibility of informing the. . .court of the basis for its motion, and identifying those portions of the pleadings. . .which it believes demonstrate the absence of a genuine issue of material

---

[1] Pursuant to Federal Rule of Bankruptcy Procedure 7056, Rule 56 of the Federal Rules of Civil Procedure is applicable in bankruptcy adversary proceedings.

AO 72A
(Rev. 8/82)

fact.

Celotex, 477 U.S. at 323 (internal quotations omitted). "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1502 (11th Cir. 1985) (citation omitted), cert. denied, 475 U.S. 1107 (1986).

Debtor argues the res judicata effect of the chapter 13 plan prevents this Court from considering Deutsche's claim. Debtor's plan provided for the surrender of the unimproved Tract 1, which was Deutsche's collateral since Deutsche previously conveyed Tracts 2 and 3 to Debtor by the quit claim deed. Both Debtor and Deutsche should have known that Tract 1 was an unimproved lot. However, Deutsche submitted evidence that the Burke County Tax Records showed Tract 1 as the improved lot instead of Tract 2.[2] As to the confirmation order, there is "a strong presumption in favor of [the] finality" of confirmation orders. In re Poteet Constr. Co., Inc., 122 B.R. 616, 619 (Bankr. S.D. Ga. 1990). However, paragraph nine of the plan expressly allows for objections to claims

_____

[2]    Subsequently, Burke County has corrected its records to properly reflect the improved lot as Tract 2.

6

to be filed after confirmation. "The amount, and secured or unsecured status, of claims disclosed in this Plan are based upon debtor's best estimate and belief. An allowed proof of claim will supercede those estimated claims. Objections to claims may be filed before or after confirmation." Dckt. No. 68, 2nd Amended Plan, ¶9. Therefore, considering the secured/unsecured status of Deutsche's claim does not effect the finality of the confirmation order.

Furthermore, the initial order granting relief from stay reduced Deutsche's claim to the amount paid and allowed Deutsche to pursue a deficiency claim, if appropriate. Dckt. No. 83. The order was entered as a consent order and contemplates Deutsche filing a claim in the future subject to the Debtor's and/or Trustee's right to object and therefore does not bar the Court from considering Deutsche's claim at this point. See In re Burrows, Chap. 13 Case No. 08-11180, Adv. Proc. No. 11-01018 (Bankr. S.D. Ga. Aug. 29, 2011)(reconsidering a claim based on allegations of fraud where consent order on the motion for relief contemplated a deficiency claim being filed). To date, no deficiency claim has been filed.

This Court has previously addressed similar issues in In re Hill, 2010 WL 3927060 (Bankr. S.D. Ga. Sept. 29, 2010) and In re Burrows, Chap. 13 Case No. 08-11180, Adv. Proc. No. 11-01018 (Bankr. S.D. Ga. Aug. 29, 2011). The In re Hill case is distinguishable

7

from the facts of this case.   In _Hill_, the bank attached the incorrect legal description to the security deed.   In order for the debtor to retain the property, the Chapter 13 Trustee required Debtor to pay the amount of equity in the property caused by the bank's securitization error into the chapter 13 plan.   The _In re Hill_ debtors had paid this equity into their chapter 13 plan and corresponding distributions to unsecured creditors had commenced. It was at this point that the creditor moved for reformation.   The chapter 13 trustee in _In re Hill_ objected to the reformation and under those facts and circumstances, the court found the bank was not entitled to reformation due to the intervening rights of the chapter 13 trustee as a bona fide purchaser for value.   _In re Hill_, 2010 WL 3927060 at *4-5.

In the case _sub judice_, unlike _Hill_, the 100% dividend in this case was required because of the equity in Tracts 1 and 3, not the error in securitization.   It is also relevant that the Chapter 13 Trustee does not oppose reformation.

As stated in _Burrows_, in a chapter 13 proceeding there are significant issues regarding Debtor's standing to assert the bona fide purchaser status of a trustee as a defense against Deutsche. Unlike a chapter 7 debtor, chapter 13 debtors have certain powers otherwise reserved to the trustee, "the debtor shall have, exclusive

8

of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l), of this title." 11 U.S.C. §1303; In re Bell, 279 B.R. 890, 898, n. 7 (Bankr. N.D. Ga. 2002). However, these enumerated powers do not include the Trustee's strong arm powers of 11 U.S.C. §544. In re Bell, 279 B.R. at 898, n. 7; In re Pilgreen, 161 B.R. 552, 554 (Bankr. M.D. Ga. 1989). In this current case, the Debtor is trying to invoke the §544(a)(3) strong arm power which states, "[t]he *trustee* shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any other creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property . . . whether or not such a purchaser exists." 11 U.S.C. §544(a)(3). There is no statutory authorization for a chapter 13 debtor to exercise the trustee's §544 avoidance powers. Realty Portfolio, Inc. v. Hamilton (In re Hamilton), 125 F.3d 292, 296 (5th Cir. 1997) ("There is no specific statutory provision generally authorizing Chapter 13 debtors to exercise trustees' avoidance powers."); In re Stangel, 219 F.3d 498 (5th Cir. 2000)(chapter 13 debtors lack standing to pursue the trustee's avoidance powers); In re Lee, 432 B.R. 212, 214 (D.S.C. 2010)(trend is towards holding chapter 13 debtors lack standing to

9

use trustee's avoidance powers and so holding); In re Bell, 279 B.R. 890, 898, n. 7 (Bankr. N.D. Ga. 2002)(noting the majority of cases hold chapter 13 debtors lack standing to use trustee's avoidance powers except in the narrow confines of 11 U.S.C. §522(h)); but see In re Cohen, 305 B.R. 212, 215 (B.A.P. 9th Cir. 2004)(chapter 13 debtor has standing to use avoidance powers). In this case, after considering the issue, I agree with the majority of courts having considered the matter and find a chapter 13 debtor, standing alone, may not invoke the trustee's statutory powers under §544(a)(3) as a defense in a reformation action, except in the narrow confines of §522(h) which is inapplicable in this case. See In re Bell, 279 B.R. at 898, n. 7 (listing the five part test for §522(h) to apply, one of which is that the transfer was involuntary[3]).

Turning to the actual issue of whether the deed may be reformed, given the facts and circumstances of this case, I find reformation to be appropriate. As a court of equity, a bankruptcy court has the power to reform deeds to conform with the intent of the parties and in doing so must look to state law. In re Rent A Tent, Inc., 468 B.R. 442, 450 (Bankr. N.D. Ga. 2012). Pursuant to O.C.G.A. §23-2-25, "[i]f the form of conveyance is, by accident or

---

[3]   In the current case, it is undisputed that the transfer was voluntary.

10

mistake, contrary to the intention of the parties in their contract, equity shall interfere to make it conform thereto." O.C.G.A. §23-2-25. "In order for equity to reform a written instrument on the ground of mutual mistake, it must, of course, be proved to be the mistake of both parties. A 'mutual mistake' in an action for reformation means one in which both parties had agreed on the terms of the contract, but by mistake of the scrivener the true terms of the agreement were not set forth." First Nat'l Bank of Polk County v. Carr, 579 S.E.2d 863, 864 (Ga. Ct. App. 2003); see also In re Rent A Tent, Inc., 468 B.R. at 450. "'The cause of the defect is immaterial so long as the mistake is common to both parties to the transaction. And the negligence of the complaining party will not defeat his right to reformation if the other party has not been prejudiced.'" In re Rent A Tent, Inc., 468 B.R. at 450 citing DeGolyer v. Green Tree Serv., LLC, 662 S.E.2d 141 (Ga. Ct. App. 2008); see also Nat'l Assistance Bureau, Inc. v. Macon Mem'l Intermediate Care Home, 714 F. Supp.2d 1192, 1196 (M.D. Ga. 2009) ("Reformation is thus appropriate even in cases where the party seeking reformation was negligent, provided there is no prejudice to the other parties to the transaction."). Debtor is not prejudiced by being required to pay a legitimate debt. See DeGolyer, 662 S.E.2d at 146 (debtor not prejudiced where the debtor

11

had use of the loan proceeds to pay off other debt).

It is clear both Debtor and Deutsche intended the legal description in the security deed to include Tract 2 only. All prior deeds encumbered Tract 2 only. The mutual mistake occurred when due to a scrivener's error the incorrect legal description was included in the executed and recorded security deed. Debtor's post-closing letter acknowledges she intended the legal description in the security deed to include Tract 2 only stating that she purposely wanted the two vacant tracts, Tracts 1 and 3, to be unencumbered. As previously discussed, the Trustee required Debtor to propose a chapter 13 plan as though the deed had been reformed and thus there is no prejudice to Debtor.

Debtor argues she would be prejudiced due to loss of her home. However, this prejudice is not a grounds to deny reformation. Debtor contracted and intended to pledge Tract 2 as collateral for this loan. Debtor has had the use of loan proceeds and has used the funds to satisfy earlier debt on Tract 2. See DeGolyer, 662 S.E.2d at 146 (debtor not prejudiced where the debtor had use of the loan proceeds to pay off other debt). She has not been required to pay more than what she initially contracted for. She is not using the avoidance to increase the dividend to her unsecured creditors. It would be a windfall to Debtor if the lien of Deutsche is allowed to

12

be avoided. For these reasons, the security deed may be reformed to reflect that Tract 2 secures the loan to Deutsche and the quit claim deed and deed under power are set aside.

Deutsche also requests summary judgment as to its motion for relief from stay.[4] However, there is not enough evidence to determine to whether Deutsche is entitled to relief from the automatic stay as to Tract 2 as a matter of law. Therefore, summary judgment is inappropriate at this time.

For the forgoing reasons, Debtor's motion for summary judgment is ORDERED DENIED and Deutsche's motion for summary judgment is ORDERED GRANTED in part and DENIED in part. Deutsche's security deed dated October 26, 2005 recorded in Deed Book 574, Page 81, Office of Clerk of the Superior Court of Burke County, Georgia real estate records is hereby reformed to include only Tract 2 as the collateral on Schedule "A" to the Security Deed; the quit claim deed dated March 12, 2010, recorded in Deed Book 768, Page 137, in the Office of Clerk of the Superior Court of Burke County, Georgia is set aside; and the deed under power dated April 5, 2011, recorded in Deed Book 806, Page 240, in the Office of Clerk of the Superior Court of Burke County, Georgia is set aside. Deutsche's motion for

---

[4] Deutsche also seeks summary judgment on the issue of equitable subordination. Since the Trustee is not asserting its powers as a bona fide purchaser for value and given the Court's ruling on reformation, there is no need to address Deutsche's equitable subordination claim.

13

AO 72A
(Rev. 8/82)

summary judgment as to relief from the stay is ORDERED DENIED without prejudice.  The Clerk's Office is directed to set a status conference on the motion for relief.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this ___9th___ day of July, 2013.

14